UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLEVESTER GRUBBS,

Petitioner,

v.   Case No: 6:18-cv-2133-Orl-28GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

Respondents.
_____/

ORDER

THIS CAUSE is before the Court on Petitioner Clevester Grubbs' Petition for Writ of Habeas Corpus ("Petition," Doc. 1), filed pursuant to 28 U.S.C. § 2254, Respondents' Response to the Petition (Doc. 13), and Petitioner's Reply (Doc. 17). For the reasons set forth below, the Petition will be denied as untimely.

I. PROCEDURAL HISTORY

Petitioner was charged by Amended Information with possession of a firearm by a convicted felon (Count One) and aggravated assault with a firearm (Count Two). (Doc. 15-1 at 119–20.) Following a jury trial on Count Two, Petitioner was convicted of aggravated assault with a firearm and sentenced to twenty years' imprisonment, the mandatory minimum. (Doc. 15-1 at 154–63, Doc. 15-2 at 42–44, 46–47.) The state announced a nolle prosse as to Count One. (Doc. 15-1 at 163.) Petitioner appealed, and

on November 15, 2011, Florida's Fifth District Court of Appeal ("Fifth DCA") affirmed Petitioner's convictions and sentences, per curiam. (Doc. 15-2 at 249.)

On June 25, 2012,[1] Petitioner moved for post-conviction relief pursuant to Rule 3.850, Fla. R. Crim. P. (Doc. 15-2 at 274-78.) The state post-conviction court summarily denied one claim and held two evidentiary hearings on the other claim; the court ultimately denied relief on all claims. (Doc. 15-2 at 281-85, 291-317; Doc. 15-3 at 40-181.) On December 17, 2013, the Fifth DCA affirmed the denial of post-conviction relief, per curiam. (Doc. 15-3 at 205). Mandate issued on January 10, 2014. (Doc. 15-3 at 209.)

On January 14, 2014, under the mailbox rule, Petitioner moved to correct sentence pursuant to Rule 3.800(a), Fla. R. Crim. P. (Doc. 15-3 at 211-17.) The circuit court denied relief and the Fifth DCA affirmed the denial, per curiam, on August 12, 2014. (Doc. 15-3 at 236-38, 255.) The mandate issued on September 5, 2014. (Doc. 15-3 at 257.)

On July 2, 2014,[2] Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. (Doc. 15-3 at 263-71.) The Fifth DCA dismissed the petition on August 7, 2014. (Doc. 15-3 at 281.) Seeking to appeal the dismissal,

---

[1] This is the filing date under the "mailbox rule." See *Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

[2] Respondents state Petitioner turned the petition over for mailing on July 7, 2014. (Doc. 13 at 3.) However, the petition was date-stamped as provided to the correctional institution for mailing on July 2, 2014. (Doc. 15-3 at 263.) The difference does not affect the outcome of the timeliness calculations.

2

Petitioner filed a notice to invoke the Florida Supreme Court's discretionary review on August 26, 2014. (Doc. 15-3 at 283.) On September 8, 2014, the Florida Supreme Court dismissed the case for lack of jurisdiction. (Doc. 15-3 at 295.)

Petitioner then moved for modification or reduction of sentence, pursuant to Rule 3.800(c), Fla. R. Crim. P., on October 15, 2014. (Doc. 15-3 at 297–313.) The same day, Petitioner filed a Notice of Appeal. (Doc. 15-3 at 316). The Fifth DCA denied the appeal as premature. (Doc. 15-3 at 320.) On October 28, 2014, the trial court dismissed the Rule 3.800(c) motion as untimely. (Doc. 15-3 at 322.) Upon reconsideration, the Fifth DCA reinstated the appeal and construed the appeal as a petition for writ of certiorari. (Doc. 15-3 at 325.) The Fifth DCA denied the petition for writ of certiorari on March 2, 2015. (Doc. 15-3 at 327.)

On March 6, 2015, Petitioner moved to correct illegal sentence pursuant to Rule 3.800(a), Fla. R. Crim. P. (Doc. 15-3 at 329.) He filed the motion in the Fifth DCA, and it was forwarded to the circuit court. (Doc. 15-3 at 337.) Petitioner also filed a petition for writ of habeas corpus with the Florida Supreme Court, which was forwarded to the circuit court. (Doc. 15-3 at 339–41.) The circuit court denied both filings in the same order on May 20, 2015. (Doc. 15-3 at 343–44.) The Fifth DCA affirmed the denial, per curiam, on July 14, 2015. (Doc. 15-3 at 354.) Mandate issued on August 7, 2015. (Doc. 15-3 at 356.)

On July 20, 2015, Petitioner moved to correct illegal sentence and subsequently filed an amended motion. (Doc. 15-3 at 358–70.) The circuit court denied the motions on

September 1, 2015.[3] (Doc. 15-3 at 373.) The Fifth DCA affirmed the denial, per curiam, on January 12, 2016, and mandate issued on February 5, 2016. (Doc. 15-3 at 404, 406.)

On December 7, 2015, Petitioner again moved to correct illegal sentence. (Doc. 15-3 at 408.) The circuit court stayed the motion, noting that it raised the same issue as the previous motion, which was then-pending on appeal. (Doc. 15-3 at 429.) On March 14, 2016,[4] following conclusion of the appeal, the circuit court denied the motion to correct illegal sentence. (Doc. 15-3 at 432-33.) Petitioner did not appeal.

Yet again, on June 15, 2016, Petitioner moved to correct sentence pursuant to Rule 3.800(a), Fla. R. Crim. P. (Doc. 15-4 at 15.) On July 20, 2016,[5] the circuit court denied the motion (Doc. 15-4 at 32-34) and the Fifth DCA affirmed the denial, per curiam, on November 1, 2016. (Doc. 15-4 at 119.) On November 28, 2016, the Fifth DCA concluded Petitioner was abusing the judicial process and barred Petitioner from filing any futher *pro se* challenges to his judgment and sentence in that court. (Doc. 15-4 at 127.) Mandate issued the same day. (Doc 15-4 at 129.)

On December 5, 2018, pursuant to the mailbox rule, Petitioner filed the instant petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. As the Court can resolve

---

[3] The order was dated August 31, 2015, but stamped as filed September 1, 2015. (Doc. 15-3 at 373-74.)

[4] The order was dated March 10, 2016, but stamped as filed March 14, 2016. (Doc. 15-3 at 432-33.)

[5] The order was dated July 19, 2016, but stamped as filed July 20, 2016. (Doc. 15-4 at 32-34.)

4

the entire Petition on the basis of the record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C § 2244(d)(1)-(2).

The Fifth DCA affirmed Petitioner's conviction on November 15, 2011. Petitioner then had ninety days, or through February 13, 2012, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13(3) (90-day period commences upon the date of entry of order not mandate); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the Supreme Court of the United States has expired). Therefore, under Section 2244(d)(1)(A), the judgment of conviction became final on February 13, 2012. Petitioner then had through February 13, 2013, absent any tolling, to file a federal habeas corpus petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1) in computing the AEDPA's one-year limitation period to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Under Section 2244(d)(2), the limitations period tolls during the pendency of "a properly filed application for State post-conviction or other collateral review." Between the date Petitioner's conviction became final, February 13, 2012, and the date mandate issued following the appeal of his last Rule 3.800 motion, November 28, 2016, Petitioner made extensive use of the state collateral review process. During certain periods of time, the limitations period was tolled; at other times it was not. However, those calculations do not ultimately affect the timeliness determination in this case.

Regardless of any time remaining on the one-year AEDPA limitations period at the time mandate issued following his final Rule 3.800 appeal, Petitioner let more than one year pass before filing the instant Petition on December 5, 2018.[6]

The Supreme Court has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Equitable tolling may apply 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1332 (11th Cir. 2008) (quoting *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006)) (citing *Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001)). However, Petitioner has described no extraordinary circumstances warranting the application of equitable tolling. Instead, in his Reply, Petitioner focused on the merits of his claims and failed to respond to Respondents' timeliness arguments. (Doc. 17). Therefore, equitable tolling does not apply, and the petition is untimely.

### III. Certificate of Appealability

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y*,

---

[6] Indeed, 736 days of untolled time elapsed between November 28, 2016 and December 5, 2018.

*Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims and procedural rulings debatable or wrong. Further, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** as untimely, and this case is **DISMISSED WITH PREJUDICE**;

2. Petitioner is **DENIED** a certificate of appealability; and

3. The Clerk of Court shall enter judgment in favor of Respondents and close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 5, 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
OrlP-4 1/24